**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 25-cv-02505-RMR-KAS

YONG GEN KIM, a/k/a Craig Kim,

Plaintiff,

v.

ADAMS COUNTY SCHOOL DISTRICT 14;
KARLA LORIA, in her official capacity as Superintendent of Schools of the Adams County School District 14;
RENEE LOVATO, in her official capacity as President of the Adams County School District 14 Board of Education;
JANET ESTRADA, in her official capacity as Vice President of the Adams County School District 14 Board of Education;
MARIA ZUBIA, in her official capacity as Secretary of the Adams County School District 14 Board of Education;
JAMES AMADOR, in his official capacity as Treasurer of the Adams County School District 14 Board of Education; and
LUZ MOLINA-AGUAYO, a/k/a Lucy Molina, in her individual capacity and in her official capacity as Director of the Adams County School District 14 Board of Education,

Defendants.

---

**ORDER ADOPTING MAGISTRATE JUDGE RECOMMENDATION**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Kathryn A. Starnella entered on August 13, 2026, ECF No. 58, addressing Defendants' Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 25. Magistrate Judge Starnella recommends that the Defendants' motion be granted in part and denied in part. Plaintiff timely filed an objection to the Recommendation, ECF No. 62, and Defendants opted not to respond to the objection. The Court has received and

considered the Recommendation, the Objection, the record, and the pleadings. For the reasons stated below, the Court overrules Plaintiff's objection and adopts the Recommendation.

## I. BACKGROUND[1]

Magistrate Judge Starnella thoroughly outlines the pertinent events leading up to the filing of this lawsuit. Thus, the Court briefly addresses the background on the parties. Plaintiff Yong Gen Kim ("Plaintiff") is a resident of Adams County and a City Councilman for Commerce City. In April 2025, Plaintiff expressed concern about the Adams County School District 14 ("District") decision to hire Tiffany Narcisse as Junior High School Principal to the Superintendent and the members of the Board of Education ("Board"). Plaintiff emailed the District and posted a copy of the email to his social media accounts. Board Member Lucy Molina responded to the post and an online argument ensued.

About a week after Plaintiff's email, Chief Legal Counsel for the District sent a letter to Plaintiff explaining the process of hiring Principal Narcisse and accusing Plaintiff of demonstrating "a pattern and practice of targeting and attacking women of color." Counsel warned Plaintiff: "[a]ny further action by you that violates the rights of others, such as creating a hostile environment will be met by expulsion from District property."

Nine days after Counsel's letter, Superintendent Loría sent Plaintiff a letter banning him from District Property, referring back to Counsel's earlier letter that detailed Plaintiff's alleged offenses. Plaintiff appealed his prohibition from District Property to the Board.

[1] The Court incorporates the "Background" section from the Recommendation, ECF No. 58 at 2-8, and the Motion to Dismiss, ECF No. 25 at 2-3.

Ultimately, the Board concluded that it was required by law to protect its employees from harassment, bullying, and discrimination based on race and upheld Defendant Loría's prohibition of Plaintiff from District Property. The Board also prohibited Plaintiff from contacting Principal Narcisse or accessing the Junior High School grounds for a period of three years. However, the Board stated Plaintiff may still exercise his rights to free speech, assembly, and petition by filing complaints with the Board or attending District Accountability Committee meetings, Board meetings, and other District functions except when they are located at the new Junior High School.

Plaintiff initiated this lawsuit against the District, the Superintendent, and the Board members asserting six claims:

(1) Retaliation in violation of the First Amendment and Colorado Constitution;

(2) Compelled Speech in violation of the First Amendment and Colorado Constitution;

(3) Race and Sex Discrimination in violation of the Fourteenth Amendment;

(4) Deprivation of Rights pursuant to 42 U.S.C. § 1983;

(5) Conspiracy to Deprive Plaintiff of Equal Protection pursuant to 42 U.S.C. § 1985(3); and

(6) Defamation against Defendant Molina and the District.

Plaintiff's claims are brought against the Superintendent and all Board members, except Defendant Molina, in their official capacities only. Plaintiff's claims are brought against Defendant Molina in both her individual and official capacities.

## II. LEGAL STANDARD

The Court is required to make a de novo determination of those portions of a magistrate judge's recommendation to which a specific, timely objection has been made, and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

## III. ANALYSIS

In the Recommendation, Magistrate Judge Starnella correctly explains that Plaintiff's fourth claim for "Deprivation of Rights" pursuant to § 1983 is duplicative of Plaintiff's three claims alleging violations of the First and Fourteenth Amendments. ECF No. 58 at 11. Indeed, "Section 1983 is a remedial vehicle for raising claims based on the violation of constitutional rights." *Davis v. California*, 734 F. App'x 560, 564 (10th Cir. 2018) (citing *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016)). Thus, Magistrate Judge Starnella appropriately recommended dismissal Plaintiff's fourth claim as duplicative.

Next, Magistrate Judge Starnella properly dismisses Plaintiff's claims against Defendants Loría, Lovato, Estrada, Zubia, Amador, and Molina in their official capacities, because official capacity claims against a municipal employee are treated as claims against the municipality itself. ECF No. 58 (citing *See Johnson v. Bd. of Cnty. Comm'rs*, 85 F.3d 489, 493 (10th Cir. 1996); *Mullins v. City of Colorado Springs*, 575 F. Supp. 3d 1360, 1367 (D. Colo. 2021)). She also thoroughly analyzes arguments related to Plaintiff's *Monell* liability claims and Defendant Molina's qualified immunity, ultimately concluding that Plaintiff has sufficiently stated facts to allege *Monell* liability and Defendant Molina is not entitled to qualified immunity with respect to her actions at the District Accountability Meeting *Id.* at 12-19. Neither party, nor the Court, disagrees with Magistrate Judge Starnella's analysis.

After evaluation of *Monell* liability and qualified immunity, Magistrate Judge Starnella recommends the Court (1) deny the Motion to Dismiss with respect to Claims 1 and 2; (2) grant the Motion to Dismiss with respect to Claims 3, 5, and 6. *Id.* at 19-27. Plaintiff only objects to Magistrate Judge Starnella's recommendation to dismiss Claim 6, Plaintiff's defamation claim. ECF No. 62 at 2-4. Plaintiff takes issue with the Recommendation's finding that Plaintiff failed to plead compliance with the Colorado Governmental Immunity Act's ("CGIA") notice provision. *Id.* Plaintiff admits he "did not include a specific allegation in the Amended Complaint that he complied with the CGIA notice provision." *Id.* at 3. He contends the Court has subject matter jurisdiction over the defamation claim, because he complied with the CGIA and only "committed a minor technical error in pleading." *Id.*

Plaintiff indeed filed his "Notice of Claims Pursuant to C.R.S. § 24-10-109" as an exhibit to his objection. ECF No. 62-1. However, as Magistrate Judge Starnella notes, the Court must consider the pleadings when assessing compliance with the CGIA's notice provision. ECF No. 58 (citing *Baldyga v. City & County of Denver*, No. 1:24-cv-01303-SBP, 2025 WL 958470, at *7 (D. Colo. Mar. 31, 2025)). Magistrate Judge Starnella recommended the Court grant Plaintiff leave to further amend his Amended Complaint, ECF No. 58 at 28-29, and Plaintiff informs the Court that he "fully intends to file a Second Amended Complaint" to reassert his defamation claim, ECF No. 62. Given Plaintiff's failure to sufficiently plead compliance with CGIA's notice provision, the Court overrules his objection and accepts the Recommendation.

## IV. CONCLUSION

For the reasons set forth, the Court ORDERS:

1. Plaintiff's Objection to the Recommendation, ECF No. 62, is OVERRULED;
2. The Recommendation, ECF No. 58, is ACCEPTED AND ADOPTED;
3. The Defendants' Motion to Dismiss Amended Complaint, ECF No. 25, is GRANTED IN PART and DENIED IN PART;
    a. Plaintiff's Claim 1 and Claim 2 may proceed to trial;
    b. Plaintiff's Claims 3, 5, and 6 are DISMISSED WITHOUT PREJUDICE. Plaintiff is granted leave to further amend his Complaint no later than **21 days** of this Order;
    c. Plaintiff's Claim 4 is DISMISSED WITH PREJUDICE as duplicative;

d. Plaintiff's claims against Defendants Loría, Lovato, Estrada, Zubia, Amador, and Molina in their official capacities are DISMISSED as duplicative of his claims against the District; and

e. The Clerk of the Court is respectfully directed to TERMINATE Defendants Loría, Lovato, Estrada, Zubia and Amador as parties to this lawsuit and TERMINATE Defendant Molina in her official capacity only, maintaining her as a party to this lawsuit in her individual capacity only.

DATED: September 17, 2026

BY THE COURT:

REGINA M. RODRIGUEZ
United States District Judge